ALFRED YENTIS, RESPONDENT, v. THOMAS T. TOWNSEND, APPELLANT.

Argued May 19, 1927—Decided October 17, 1927.

For the appellant, *Avis & Avis.*

For the respondent, *Alexander L. Rogers.*

The opinion of the court was delivered by

BLACK, J. This suit was brought to recover a deposit of three thousand dollars ($3,000) and one hundred and fifty dollars ($150) title search fee. The deposit was made under an agreement for the sale of real estate dated August 17th, 1925. The trial resulted in a directed verdict for the plaintiff for three thousand one hundred and fifty dollars ($3,150), with interest.

The appellant files seven grounds of appeal, which may be considered under three points. They are, however, argued under two heads in the appellant's brief. The court refusing to grant a nonsuit and the alleged error by the trial court in directing a verdict in favor of the plaintiff call for no discussion, as they are without legal merit.

The controversy grew out of the following description of the land to be conveyed in the contract of sale, viz.:

"One hundred and five acres, more or less, lying on the east side of Delsea Drive, adjoining the property of Harry J. Jennings on the north and the William Warner property on the south, known as the Benjamin Zane farm, purchased by the seller from the Arnold heirs in June, 1924," &c.

At the time fixed for the settlement, a deed of the land was tendered and refused on the ground that it did not convey the quantity of land described in the agreement of sale. For that reason no settlement was made. From the deed so tendered was excepted the land conveyed or to be conveyed to the State of New Jersey for the widening of the state highway, containing about one hundred and seventy-five one-thousandths parts of an acre (0.175) be the same more or less exclusive of the existing roadway, a strip of land nine hundred and twenty-five and seventy-eight one-hundredths feet by thirty-three and three one-hundredths feet. After the motion to nonsuit was denied by the trial court the defense attempted to show by oral testimony what, if anything, was said by the parties at and before the signing of the contract of sale, in reference to the then state highway being constructed in front of the property, also the taking of the land by the state highway commission, and what land was intended to be

sold, and what was meant by the words "lying on the east side of Delsea Drive" in the contract of sale. These latter terms when read in connection with the entire description are not ambiguous. This evidence was overruled by the trial court, and properly so, on the ground that the contract of sale was not ambiguous. An exception was noted. This ruling of the trial court was not error. It has been settled in this court, beyond discussion, the rule of evidence is that where parties have put their contract in writing, the written contract shall be the only evidence of the contract as finally concluded, and that oral testimony of what was said or done during the negotiations, will not be admitted, either to contradict the written contract or to supply terms with respect to which the writing is silent. *Naumberg* v. *Young,* 44 *N. J. L.* 331. That case has been cited with approval many times in this court.

This disposes of the only controverted question in the case. It is conceded by the appellant that the court's function is to construe the terms of a written contract, and if the construction placed on the contract of sale by the trial court is correct, the direction of a verdict in favor of the plaintiff was proper. The ruling of the trial court was not error.

The judgment of the Supreme Court is therefore affirmed.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ. 15.

*For reversal*—None.